# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| Kim Gentry | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:08-cv-00123 |
| The Hershey Company, Liberty Distribution, LLC and PETCO Animal Supplies, Inc., | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT LIBERTY DISTRIBUTION, LLC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES

Comes the Defendant, Liberty Distribution, LLC ("Liberty"), pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, and submits the following Memorandum of Law in Support of its Motion to Dismiss or in the alternative Motion for Summary Judgment as to the Plaintiff's Punitive Damages claims.

## STANDARD OF REVIEW

In reviewing the propriety of a Motion to Dismiss, this Court must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 502 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Legal conclusions or unwarranted factual inferences need not be accepted

as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Finally, "conclusory allegations will not lie." Akines v. Shelby County Gov't, 512 F. Supp. 2d 1138, 1156 (W.D. Tenn. 2007) (citing Culberson v. Doan, 125 F. Supp. 2d 252, 263-64 (S.D. Ohio 2000)).

Where a plaintiff's claim involves allegations of fraud, Federal Rule of Civil Procedure 9(b) requires a heightened pleading standard. See Fed. R. Civ. P. 9(b). The purpose of Rule 9 is "to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct." Cmty. Health Sys., Inc., 501 F.3d at 503. Therefore, under Rule 9(b), a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Id. at 504. The complaint "should provide fair notice to Defendants and enable them to 'prepare an informed pleading responsive to the specific allegations of fraud.'" Id. (quoting Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999)). **At a minimum**, the Complaint "must allege the time, place and contents of the misrepresentations upon which [the plaintiff] relied." Frank v. Dana Corp., 547 F.3d 564, 570 (6th Cir. 2008).

## BACKGROUND

According to her Complaint, the Plaintiff was shopping at PETCO on November 28, 2007, when she obtained a Hershey's York Peppermint Pattie. (Compl. ¶ 8; Def.'s

Statement of Undisputed Facts in Supp. Mot. Summ. J. ¶ 2, 3) ("Def.'s Facts"). After allegedly taking a bite of the Pattie, the Plaintiff noticed that the candy contained insect larvae. (Compl. ¶ 8; Def.'s Facts ¶ 2, 3).

The Plaintiff filed suit on November 24, 2008 against these Defendants, alleging personal injury caused by the York Peppermint Pattie.

## LAW AND ARGUMENT

I. **THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF WITH REGARD TO PUNITIVE DAMAGES.**

A. **THE PLAINTIFF'S COMPLAINT IS DEVOID OF ANY FACTUAL AVERMENTS TO SUPPORT HER PUNITIVE DAMAGES CLAIMS, WHICH ARE THEREFORE NECESSARILY CONCLUSORY AND SUBJECT TO SUMMARY DISMISSAL.**

In this case, the Plaintiff's Complaint contains the following averment concerning punitive damages: "Plaintiff alleges that the Defendants acted intentionally, recklessly or fraudulently which would entitle the Plaintiff to punitive damages." (Compl. ¶ 17). The remainder of Plaintiff's Complaint is devoid of any factual averments to support these conclusory allegations. See generally (Compl.).

Under Tennessee law, punitive damages are reserved for cases "involving only the most egregious of wrongs." Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992). The burden on a plaintiff seeking punitive damages in this state is a heavy one:

> [B]ecause punitive damages are to be awarded only in the most egregious of cases, a plaintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence. This higher standard of proof is appropriate given the twin purposes of

3
Case 2:08-cv-00123 Document 55 Filed 10/29/09 Page 3 of 9 PageID #: 398

punishment and deterrence: fairness requires that a defendant's wrong be clearly established before punishment, as such, is imposed; awarding punitive damages only in clearly appropriate cases better effects deterrence.

Id.

In <u>Hodges</u>, the Tennessee Supreme Court held that punitive damages may be awarded only if a plaintiff proves by clear and convincing evidence that a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. <u>Id.</u> The court went on to define these terms:

> (1) Intentionally – It is the party's conscious objective or desire to engage in the conduct or cause the result.
>
> (2) Fraudulently – The party intentionally misrepresents an existing material fact or produces a false impression in order to mislead another or to obtain an undue advantage and another is injured because of reasonable reliance upon that representation.
>
> (3) Maliciously – The party is motivated by ill will, hatred, or spite.
>
> (4) Recklessly – The party is aware of but consciously disregards a substantial and unjustifiable risk of such a nature that its disregard is a gross deviation from the standard of care an ordinary person would exercise.

Id.

Tennessee courts have awarded punitive damages only in the clearest cases involving moral dereliction. <u>See, e.g.</u>, <u>Coffey v. Fayette Tubular Prods.</u>, 929 S.W.2d 326 (Tenn. 1996); <u>Boling v. Tenn. State Bank</u>, 890 S.W.2d 32 (Tenn. 1994); <u>accord</u> <u>Cappello v. Duncan Aircraft Sales of Fla., Inc.</u>, 79 F.3d 1465 (6th Cir. 1996). For example, in <u>Cappello</u>, the court affirmed dismissal of the plaintiffs' punitive damages claim

4
Case 2:08-cv-00123  Document 55  Filed 10/29/09  Page 4 of 9 PageID #: 399

resulting from an airplane crash that killed plaintiffs' son. The court held that although the pilot was guilty of gross negligence, it was not enough under Tennessee law to justify an award of punitive damages:

> The only function or purpose of punitive damages now in Tennessee is punishment for serious moral dereliction. Gross negligence is no longer sufficient. The tort must be intentional or fraudulent or a species of recklessness that contains an element of 'conscious' wrongdoing.

Id. at 1474-75.

The factual allegations and averments which are contained within the Complaint simply do not support any claim for punitive damages based upon intentional, fraudulent or reckless conduct of this Defendant or any other. As such, Paragraph 17 of the Plaintiff's Complaint fails to state a claim for relief and constitutes merely "conclusory allegations," which are insufficient to withstand a motion to dismiss. See Akines, 512 F. Supp. 2d at 1156.

Based on the foregoing, Liberty respectfully requests this Court dismiss the Plaintiff's punitive damages claims against it.

**B. THE PLAINTIFF HAS FAILED TO COMPLY WITH THE PLEADING REQUIREMENT OF FED. R. CIV. P. 9(b) WITH REGARD TO HER AVERMENT OF FRAUD AND SAID CLAIM IS ALSO SUBJECT TO SUMMARY DISMISSAL FOR THIS REASON.**

Not only has the Plaintiff failed to state a claim for relief for punitive damages in that the only allegations in the Complaint with regard to punitive damages are conclusory, she has utterly failed to comply with the heightened pleading requirements of the Federal Rules for claims of fraud.

Federal Rule of Civil Procedure 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Here, the Complaint is devoid of any factual averment or allegation which would demonstrate what false statement of material fact was made by Liberty, how the Plaintiff relied upon same, and how her reliance was justified. Indeed, the fraud allegation is so completely unsupported as to constitute a sanctionable action under the Rules.

In any event, as the Plaintiff has clearly failed to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b) with respect to her claim for punitive damages based upon fraud, this Defendant respectfully requests that the fraud claim be dismissed for this separate, but fully justified reason.

II. **IT IS UNDISPUTED THAT NO EVIDENCE EXISTS THAT LIBERTY ACTED INTENTIONALLY, RECKLESSLY OR FRAUDULENTLY WITH REGARD TO ITS RECEIPT, STORAGE OR SHIPMENT OF THE PEPPERMINT PATTIES IN QUESTION SO AS TO SATIFSY THE NECESSARY ELEMENTS FOR A CLAIM OF PUNTIVE DAMAGES IN TENNESSEE.**

In her Complaint, the Plaintiff seeks to proceed under a negligence per se claim based upon alleged violations, by Liberty, of the Federal Food, Drug and Cosmetics Act ("FDCA"). See Compl. ¶ 15. However, this Circuit's prior case law precludes the possibility of such a cause of action.

Plaintiff alleges in her Complaint that "Defendants acted intentionally, recklessly or fraudulently which would entitle Plaintiff to punitive damages." (Compl. ¶ 17). However, the Plaintiff fails to provide any support for the allegation – either by factual

averment in the Complaint or other supporting evidence in the record – that Liberty acted intentionally, recklessly or fraudulently in its receipt, storage or shipment of the Peppermint Pattie in question. Liberty relies upon its statement of the law hereinabove in regard to directed verdicts as to punitive damages. Since the filing of the Complaint, the parties have taken discovery. The discovery, including the disclosure by Plaintiff's expert, indicates no facts that would support a claim for punitive damages. In fact, Plaintiff's own expert concedes and concludes that the infestation of the York Peppermint Pattie occurred at the Petco facility. (Def.'s Facts ¶ 11). In addition to same, Defendant relies upon the affidavit of Jim Schweikert, which established that the York Peppermint Pattie was received in a sealed container and that that sealed container was in turn then shipped very shortly thereafter to Petco. (Def.'s Facts ¶¶ 5, 7). The Liberty Distribution facility is a temperature controlled modern storage facility located in Memphis, Tennessee. (Def.'s Facts ¶ 7).

There is absolutely no showing of any wrongdoing that would satisfy the requirements of the Federal Rules of Civil Procedure to justify a punitive damages award based upon any fact in this case. In this case, no evidence exists, whatsoever, of intentional, fraudulent, or reckless conduct engaged in by this Defendant. Moreover, the Plaintiff's Complaint is quite simply without any factual averment of allegation in support of its conclusory allegations in this regard. See also, Akines v. Shelby County Gov't, 512 F. Supp. 2d 1138, 1156 (W.D. Tenn. 2007) (nothing that "conclusory allegations will not lie") (citing Culberson v. Doan, 125 F. Supp. 2d 252, 263-64 (S.D. Ohio 2000)). To the contrary of Plaintiff's conclusory allegations, this Defendant's

7

actions involved simply transferring a sealed container from a warehouse to the seller (Def.'s Facts ¶¶ 8, 9). Any infestation did not occur at the Liberty facility. (Def.'s Facts, ¶¶ 10, 11). As such, the Plaintiff's claims for punitive damages must succumb to summary judgment.

## CONCLUSION

For the reasons set forth hereinabove, the Defendant Liberty Distribution, LLC is entitled to judgment as a matter of law in regard to the Plaintiff's claim for punitive damages.

Respectfully submitted this 29th day of October, 2009.

/s/ James C. Wright
James C. Wright (BPR# 009285)
Butler, Vines & Babb, PLLC
Attorney for Defendant
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN  37901-2649
(865) 637-3531

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

William F. Roberson, Jr.
Law Office of William F. Roberson, Jr. and Associates
320 E. Broad Street
Cookeville, TN 38501

Charlnette A. Richard
E. Todd Presnell
Miller & Martin, PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219

Lori J. Keen
Scott McCullough
McNabb, Bragorgos & Burgess
81 Monroe Avenue
Sixth Floor
Memphis, TN 38103

This 29th day of October, 2009.

By: /s/ James C. Wright

402-07/161