IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| Kim Gentry, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:08-cv-00123 |
| ) | Judge Echols |
| The Hershey Company, ) | Magistrate Judge Knowles |
| Liberty Distribution, LLC and ) | |
| PETCO Animal Supplies, Inc., ) | |
| ) | |
| Defendants. ) | |

## THE HERSHEY COMPANY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant The Hershey Company ("Hershey"), by and through counsel, hereby moves for summary judgment on all claims asserted against it. As grounds, Hershey asserts that, based upon the undisputed material facts, it is entitled to a judgment as a matter of law. Specifically, the undisputed facts reveal that the York Peppermint Pattie was not defective or unreasonably dangerous at the time it left the control of Hershey. Rather, the contamination of this candy product necessarily occurred long after the product left Hershey's control. As such, plaintiff's claims against Hershey for liability under Tennessee's product liability statute, for breach of express or implied warranty, and for negligence must be dismissed as a matter of law.

In support of this motion, Hershey relies upon the following:

1. The Declaration of Kathryn Arentz, filed herewith as Exhibit A;

2. The Declaration of Dr. Richard W. Merritt, filed herewith as Exhibit B;

3. The signed memorandum of Dr. Bhadriraju Subramanyam contained in plaintiff's Rule 26(a)(2)(B) expert disclosures, filed with the Court as part of Docket Entry No. 29, and filed herewith as Exhibit C for the convenience of the Court;

1

4. The Affidavit of Jim Schweiker, filed with the Court as Docket Entry No. 53 Exh. 2, and filed herewith as Exhibit D for the convenience of the Court;

5. The Affidavit of Professor Andrew Van Zandt Brower, filed with the Court as Docket Entry No. 53 Exh. 1, and filed herewith as Exhibit E for the convenience of the Court;

6. A Statement of Undisputed Material Facts, filed separately;

7. Excerpts from Plaintiff's Deposition, filed herewith as Exhibit F;

8. Plaintiff's Verified Complaint; and

9. All other pleadings in this cause of action.

Hershey also requests that the order granting summary judgment be entered as a Final Judgment in accordance with Rule 54(b) of the Federal Rules of Civil Procedure. The primary basis for seeking a Rule 54 Final Judgment designation is that the experts for the plaintiff, defendant Liberty Distribution, LLC, and Hershey agree that the alleged contamination of the candy product did not occur during the manufacturing process or otherwise while the candy was in Hershey's control. As such, there is no just reason for keeping Hershey in this lawsuit while plaintiff continues to pursue another defendant.

/s/ E. Todd Presnell
E. Todd Presnell
Charlnette A. Richard
Miller & Martin PLLC
150 Fourth Avenue North, Ste. 1200
Nashville, Tennessee 37219
615-244-9270

*Counsel for The Hershey Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2009, a true and correct copy of the foregoing was served on the party listed below and on all parties by the court's ECF: William F. Roberson, Jr., 320 E. Broad Street, Cookeville, Tennessee 38501; Lori J. Keen and Scott McCullough, 81 Monroe Avenue, Sixth Floor, Memphis, Tennessee 38103; and James C. Wright, 2701 Kingston Pike, Knoxville, Tennessee 37901.

/s/ E. Todd Presnell