UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KIM GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:08-0123 |
| ) | Judge Echols |
| PETCO ANIMAL SUPPLIES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Final Pretrial Conference was held in this case on February 10, 2010, and the Court hereby confirms the following rulings:

(1) The parties agree that this Court has diversity jurisdiction over this action, notwithstanding the dismissal of Defendants The Hershey Company and Liberty Distribution, LLC and the location of Defendant Petco stores in Tennessee;

(2) By the close of business on February 15, 2010, both parties shall file Amended Proposed Exhibit Lists which conform with the discussions between the Court and counsel during the pretrial conference, as well as any Amended Proposed Witness Lists which counsel desire to file after considering the Court's discussion at the Pretrial Conference;

(3) By the close of business on February 18, 2010, the parties shall file any objection to their opponent's proposed Witness and Exhibit Lists;

(4) To the extent possible, the parties shall seek to stipulate to any relevant facts which are not disputed, as well as to the authenticity and admissibility of exhibits;

(5) Counsel shall consult with one another and strive to reach an agreement as to how they will present deposition testimony;

1

(6) Defendant Petco Animal Supplies, Inc.'s motion (Docket Entry No. 104) to join in the previously filed Motion in Limine (Docket Entry No. 99) filed by Defendant Liberty Distribution,[1] LLC's seeking to exclude part of the testimony of Dr. James W. Cates is hereby GRANTED. The Motion *in Limine* (Docket Entry No. 99) to exclude part of the testimony of Dr. Cates is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to Dr. Cates' testimony as found at page 8, lines 6 through 9 of his testimony, but DENIED as to the remaining designated portions of his deposition testimony;

(7) Defendant Petco Animal Supplies, Inc.'s motion (Docket Entry No. 105) to join Defendant Liberty Distribution, LLC's Motion *in Limine* (Docket Entry No. 102) seeking to exclude portions of the proof deposition of Ms. Rebecca Vaughn is hereby GRANTED. The Motion in Limine seeking to exclude the testimony of Rebecca Vaughn regarding her description of the insect observed by Plaintiff on November 29, 2007 (Docket Entry No. 102) is hereby DENIED;

(8) Defendant's Motion in Limine Regarding Permanency of Plaintiff's Alleged Injuries (Docket Entry No. 106) is hereby GRANTED;

(9) The Court hereby RESERVES RULING on Defendant's Motion in Limine Regarding Certain Medical Expenses (Docket Entry No. 107) insofar as Defendant asserts that Plaintiff cannot show that the same were reasonable and necessary medical expenses. However, this ruling does not preclude Plaintiff from testifying as to the amount she spent for medical treatment;

(10) The Court hereby DENIES Defendant's Motion in Limine to Exclude Evidence of Alleged Infestation at Kansas Stores in 2001 (Docket Entry No. 108) because the same may be relevant and probative for the limited purpose of showing notice of the possible dangers of locating pet food in close proximity to candy or other edible foods sold to customers. However, prior to

---

[1] By Memorandum and Order entered February 3, 2010, summary judgment was granted in favor of Defendant Liberty Distribution, and it is no longer a party to this case.

2

attempting to introduce evidence on this topic, Plaintiff shall seek leave to approach the bench so that the Court can discuss the matter with counsel in the context of the proof as it then exists;

(11) Defendant's Motion in Limine to Exclude FDA Report (Docket Entry No. 109) is hereby GRANTED, but the Court may revisit the issue if Plaintiff can show a link between the conditions of the Petco Distribution Center in Joliet, Illinois at the time of the raid in 2008 and the conditions of the Petco Store in Cookeville, Tennessee in 2007 at the time of the events at issue in this case;

(12) Defendant's Motion in Limine To Exclude Expert Opinion of Dr. Bhadriraju Subramanyam (Docket Entry No. 110) is hereby DENIED;

(13) In accordance with McDonald v. Pettree, 409 F.3d 724 (6th Cir. 2005) the parties will not be precluded from arguing that The Hershey Company and/or Liberty Distribution LLC were negligent in this case;

(14) For purposes of this Court's docket, the following Motions in Limine filed by Defendant Liberty Distribution, LLC and by Defendant The Hershey Company are hereby DENIED AS MOOT: Docket Entry Nos. 98, 99, 100, 101, 102 & 103;

(15) The Court will enter a separate Order which requires the parties to engage in meaningful settlement negotiations before a neutral mediator; and

(16) The jury trial in this case will be held in Cookeville, Tennessee and will commence at 9:00 a.m. on March 2, 2010, with an expected duration of two (2) to three (3) days.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE